[Civ. No. 58676. Second Dist., Div. Three. Sept. 22, 1980.]

JOHN J. STEIN et al., Plaintiffs and Appellants, v.
CITY OF SANTA MONICA, Defendant and Respondent;
SANTA MONICANS FOR RENTERS' RIGHTS et al.,
Interveners and Respondents.

COUNSEL

Rhodes, Barnard, Maloney, Hart & Mullen and Christopher M. Harding for Plaintiffs and Appellants.

Stephen Stark, Acting City Attorney, and Susan Carroll, Deputy City Attorney, for Defendant and Respondent.

Robert M. Myers and Michael E. Wine for Interveners and Respondents.

OPINION

ALLPORT, J.—This appeal is from an order of the superior court denying a petition for writ of prohibition or mandate whereby petitioners seek to block enforcement and implementation of a rent control charter amendment adopted by the municipal electorate of the City of Santa Monica on April 10, 1979. The express purpose of the amendment entitled Article XVIII Rent Control is "to alleviate the hardship caused by this serious housing shortage by establishing a Rent Control Board empowered to regulate rentals...so that rents will not be increased unreasonably and so that *landlords will receive no more than a fair return on their investment*." Concededly the amendment was adopted without any steps being taken to comply with the California Environmental Quality Act (CEQA), Public Resources Code section 21000 et seq., either before or after the amendment's submission to the voters.

ISSUE

The sole issue on appeal is whether CEQA applies to an urban rent control initiative charter amendment. The petitioners argue that it does. City and interveners Santa Monicans for Renters' Rights and Santa Monica Fair Housing Alliance argue that it does not but that, if it does apply, the integrity of the amendment should be preserved pending determination of and compliance with any applicable requirements of the act. We agree with the city and interveners that the act of placing this initiative measure on the ballot in response to a citizen's petition is not a "project" contemplated by CEQA and will therefore affirm.

DISCUSSION

■ Generally, CEQA requires environmental investigation of "...discretionary projects proposed to be carried out or approved by public agencies..." and not to "...ministerial projects proposed to be carried out or approved by public agencies...." (Pub. Resources Code, § 21080, subds. (a), (b)(1).) "Project" is defined in section 21065 subdivision (a) as "Activities directly undertaken by any public agency." "Public agency" is defined in section 21063 to include a "city" but does not include the electorate thereof. The Secretary of the Resources Agency by authority of section 21083 has adopted a regulation stating that "Project does not include:...The submittal of proposals to a vote of the people of the State or of a particular community." (Cal. Admin. Code, tit. 14, § 15037, subd. (b)(4).)[1]

"The Rent Control Charter Amendment was adopted by initiative on April 10, 1979, having been placed on the ballot pursuant to a petition signed by 15% of the registered voters in accordance with Article XI, Section 3 of the California Constitution and applicable provisions of the Government Code (Sections 34450 *et seq.*). The regularity of that procedure is not in issue." This statement in the city's brief is not controverted by petitioners and will be accepted by this court as fact. Section 34461 of the Government Code provides that the city "...shall submit the amendment...to the electors," be it determined that the petition has the requisite number of signatures. The procedure employed in amending the charter involved no discretionary activity directly un-

---

[1]In *No Oil, Inc.* v. *City of Los Angeles* (1974) 13 Cal.3d 68, 74, footnote 2 [118 Cal.Rptr. 34, 529 P.2d 66], our Supreme Court announced its reliance upon these guidelines "as a suggested interpretation of the statute, and as an illustration of the procedures which the resources agency finds necessary to enforcement of the statute."

dertaken by the city. It was an activity undertaken by the electorate and did not require the approval of the governing body. The acts of placing the issue on the ballot and certifying the result as a charter amendment qualifies as a nondiscretionary ministerial act not contemplated by CEQA.

In *Simi Valley Recreation & Park Dist.* v. *Local Agency Formation Com.* (1975) 51 Cal.App.3d 648 [124 Cal.Rptr. 635], this court was called upon, inter alia, to determine whether the requirements of CEQA were applicable to Local Agency Formation Commission of Ventura County (LAFCO) in proceedings whereby undeveloped land within the district was detached therefrom. In holding they were not, we had occasion to consider whether such proceedings were "projects proposed to be carried out or approved by public agencies" as defined in Public Resources Code section 21080. LAFCO contended that its action carrying out the detachment was purely ministerial and not a discretionary project subject to CEQA. We agreed that the detachment proceedings were exempt because, inter alia, the board's action was ministerial in character. While factually distinguishable, we find this and other reasoning in *Simi Valley* to be persuasive of our decision herein. We do not agree that a "broad" or "reasonable" construction of the act permits of a contrary decision.

Petitioners argue that the initiation of rent control was a project of a public agency because the "electorate exercised the City's legislative authority in approving the amendment." In other words it is suggested the people were agents of the city in promulgating this charter amendment. The argument is unsupported by controlling authority and otherwise totally unacceptable. Presumably the initiative, Proposition "A," amending the charter to include rent control, was the result of its sponsors qualifying the measure by the filing of a legally sound petition and was properly certified to the electorate by the city. City had no discretion to do otherwise. Under the circumstances city was the agent for the sponsors rather than vice versa. While the charter amendment may vest "tremendous discretionary authority in the Rent Control Board" that, standing alone, does not invoke application of the act. Perhaps the exercise of that discretion may do so in the future but that possibility is not before us at this time.

Petitioners also argue the administrative regulation purporting to grant exemption from CEQA is invalid as being contrary to the enabling statute. Since we have determined that CEQA is not applicable

to this initiative charter amendment, the argument is inapposite. The regulation is not contrary to but rather consistent with our interpretation of the statute. While "no regulation is valid if its issuance exceeds the scope of the enabling statute" (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 205 [132 Cal.Rptr. 377, 553 P.2d 537]), such is not true of the regulation with which we are concerned. Petitioners' reliance upon *People* ex rel. *Younger* v. *Local Agency Formation Com.* (1978) 81 Cal.App.3d 464 [146 Cal.Rptr. 400] is also misplaced. In *Younger*, after determining that a deannexation proposal required voter approval only after initial decision by LAFCO and LAFCO approval, it was concluded that "the exemption found in section 15037, subdivisions (b)(4) and (c) has no application in light of the express statutory delegation and duties to LAFCO to make its decision on such project. Where there is a reasonable possibility a project or activity may have significant effect on the environment, an exemption would be improper. (*Wildlife Alive* v. *Chickering, supra*, 18 Cal.3d 190, 206.) We conclude a petition for deannexation is a project which does not fall within the specified exemptions although one step in the entire process requires submittal of the deannexation question to the voters of the County of San Diego." (Pp. 479-480.) Obviously, *Younger* is distinguishable and not otherwise controlling of our decision herein.

The judgment (order denying petition for writ) is affirmed.

Klein, P. J., and Potter, J., concurred.